NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED

AUG 1 2 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-154-KSF

BRIAN ANDRE WARREN                                                                PETITIONER

VS:                      **MEMORANDUM OPINION AND ORDER**

SECRETARY OF THE ARMY AND
UNITED STATES ARMY ARMOR CENTER AND FT. KNOX                RESPONDENTS

\* \* \* \* \* \*

Brian Andre Warren, an individual presently confined at the Mound Correctional Center in Detroit, Michigan, has filed a *pro se* petition for writ of mandamus, purportedly pursuant to the 28 U.S.C. §1361, and an application to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a). The motion will be granted by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* pleading and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the litigant. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the district court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The petitioner challenges his detention, charges leveled against him, and ultimately discharge from the United States Army, on the ground that his rights under the U.S. Constitution's Fifth, Sixth, Eighth, and Fourteenth Amendments were violated.

## ALLEGATIONS

The following is a summary or construction of the petitioner's allegations, as presented in his self-styled petition and attachments thereto. Record No. 1.

The petitioner provides a copy of an Army charge sheet from 1991, wherein he was charged with being absent without leave from February 16, 1990, until September 13, 1991. He has highlighted blanks on the charge form, including the blanks for the name and signature of the person accusing him. The petitioner claims that the lack of a signature (1) renders the charge null and void; (2) fails to satisfy the probable cause requirement; (3) violates his constitutional rights to confront his accuser and to be afforded due process; and (4) has resulted in cruel and unusual punishment.

The petitioner alleges that as a result of the illegal charge, he was discharged from the Army "under other than honorable conditions," and he attaches a copy of the certificate of discharge from active duty which contains these words typed into the form for "character of [his] service." In another section of the form which asks the reason for separation, the following is typed: "for the good of service–in lieu of court-martial."

The petitioner asks that the respondents be ordered to (1) disregard the charge sheet; (2) upgrade the petitioner's military discharge to an honorable discharge; (3) reinstate his rank, back pay, and other benefits; and (4) pay a fine of $2,000,000.00 in damages.

## DISCUSSION

The petitioner makes no allegations which explain his filing in this District Court. He is located in Michigan and one of the named defendants, the "United States Army Armor Center and Fort Knox," is located in Fort Knox, Kentucky, which is in Hardin County, Kentucky, and the Louisville Division of the Western District of Kentucky. The instant complaint and the envelope containing the document both identify the court to which the pleading is directed as the "United States District Court for Kentucky," as if there were no eastern or western districts. Because the petitioner also wrote on the envelope that the address for the United States District Court for Kentucky is the Post Office Box of the Clerk of this Court in Lexington, Kentucky, the envelope/complaint was delivered to this, the wrong Court.

When a civil action is brought in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a); *see also* 28 U.S.C. §1404(a) (similar language for transfer to a convenient forum). However, for the reasons discussed below, the Court finds that the instant action fails to state a claim upon which the Court may grant relief, and it is not in the interest of justice to transfer a fatally flawed case to the United States District Court for the Western District of Kentucky.

On the first page of his petition for writ of mandamus, Warren states, "This Honorable Court retains jurisdiction pursuant to, 28 U.S.C. sec. 1361; . . . ." That statute provides as follows:

> The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner.

28 U.S.C. §1361. The "necessary prerequisites for this court to exercise its mandamus [28 U.S.C. §1361] jurisdiction are that (1) the plaintiff has a clear right to relief; (2) the defendant has a clear

3

duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Swan v. Clinton*, 100 F.3d 973 (C.A.D.C. Nov. 22, 1996) (citing *American Cetacean Soc'y v. Baldrige*, 768 F.2d 426, 433 (D.C. Cir. 1985), *rev'd on other grounds sub nom. Japan Whaling Ass'n v. American Cetacean Soc'y*, 478 U.S. 221 (1986); *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *see also Willis v. Sullivan*, 931 F.2d 390, 395-96 (6th Cir. 1991) (clarifying that these requirements go to court's jurisdiction under mandamus statute, although often discussed in merits terms as to whether a writ of mandamus should be issued); *Carpet, Linoleum & Resilient Tile Layers v. Brown*, 656 F.2d 564, 567-69 (10th Cir. 1981) (same); *Cook v. Arentzen*, 582 F.2d 870, 876-77 (4th Cir. 1978) (same).

Leaving aside the issue of whether or not 28 U.S.C. §1361 is an independent grant of jurisdiction or can piggyback on the constitutional claims made herein,[1] the Court finds that the petitioner has met none of the above-listed conditions which would justify mandamus relief. The standards for obtaining a writ of mandamus are high. The remedy of mandamus "is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976). A petitioner has the burden of demonstrating that he has a "clear and indisputable" right to issuance of relief. *Id.* at 403. Additionally, even if the aforementioned requirements are satisfied, issuance of a writ of mandamus is within the sound discretion of the court. *Simpson v. Reno*, 902 F. Supp. 254 (D.C.D.C. 1995) (motion for summary affirmance granted 1996 WL 556625 (D.C. Cir. Sept. 25, 1996)).

In the case *sub judice*, even if the petitioner is considered to have §1361 jurisdiction, he has

---

[1] Courts have split in ruling on this issue, which is not necessary to reach in this case. *See Baker v. Schlesinger*, 523 F.2d 1031 (6th Cir. 1975), *cert. denied*, 424 U.S. 972 (1976) (yes to §1361 jurisdiction); and *Larsen v. Hoffman*, 444 F.Supp. 245, 255 (D.C.D.C. 1977) (no §1361 jurisdiction).

4

not carried his burden of demonstrating that he is entitled to a writ of mandamus. The Court finds herein no extraordinary or otherwise compelling circumstances. To the contrary, the petitioner has presented only broad accusations about a charging document written 14 years ago. The petitioner has failed to state a claim upon which the Court may grant mandamus relief, and dismissal without prejudice is the appropriate disposition.

In the body of his self-styled petition, the petitioner also refers to his being entitled to full back pay, pursuant to 10 U.S.C. §1552(c). To the extent that he is claiming to proceed under §1552, which is entitled "Correction of military records: claims incident thereto," and which is a limited waiver of sovereign immunity, still the instant cause could not proceed. "This Court is aware of the ample authority for the proposition that federal courts shall not intervene on the merits of military cases until military remedies are exhausted." *Temple v. Orr*, 580 F.Supp. 1111, 1113 (M.D. Tenn. 1984) (citing cases). These military procedures include a six-year statute of limitations, which may bar an action at its inception and which may bar the instant one; the time is tolled during the military proceedings. *Id.* It is not necessary to speculate on whether to apply the time-bar herein, however, as the instant action contains no allegation, or even suggestion, that Petitioner Warren pursued his military remedies in the early 1990's so as to have exhausted them prior to the instant filing.[2]

Accordingly, the Court being sufficiently advised, **IT IS ORDERED** that Brian Andre Warren's petition for writ of mandamus [Record No. 1] is **DENIED**; and a separate Judgment shall be entered contemporaneously herewith, in favor of the named defendants, the United States Army

---

[2] Further, even after exhaustion of the issues and with the government's record before it, the standard for justifying a federal court's intervention is a high one, *i.e.*, a showing that the action against the service person was arbitrary or capricious or unsupported by substantial evidence. *Temple*, 580 F.Supp. at 1113. *See also Baker v. Schlesinger*, 523 F.2d 1031 (6th Cir. 1975), *cert. denied*, 424 U.S. 972 (1976).

5

and the Army Armor Center and Fort Knox.

This the 12th day of August, 2005.

*KSF*
KARL S. FORESTER, SENIOR JUDGE